STEPHEN M. LOBBIN
sml@smlavvocati.com
SML AVVOCATI P.C.
888 Prospect Street, Suite 200
San Diego, California 92037
(949) 636-1391 (Phone)

*Attorney(s) for Plaintiff Display Technologies, LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISPLAY TECHNOLOGIES, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> ZENREACH, INC., <br><br> *Defendant*. | CASE NO. 3:20-cv-06621 <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Display Technologies, LLC ("Plaintiff" or "Display") files this Complaint against Zenreach, Inc. ("Defendant" or "Zenreach") for infringement of United States Patent No. 9,300,723 (the " '723 Patent") and alleges as follows:

**PARTIES AND JURISDICTION**

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff is a Texas limited liability company with a place of business at 1801 NE 123rd Street, Suite 314, North Miami, FL 33161.

4. On information and belief, Defendant is a Delaware corporation with a place of business at 1 Letterman Drive, Building C, Suite 3500, San Francisco, CA 94129. On information and belief, Defendant may be served through its registered agent, Incorporating Services, Ltd., 3500 S. Dupont Hwy., Dover, DE 19901.

5. This Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in this District, has conducted business in this District, and/or has engaged in continuous and systematic activities in this District.

6. Upon information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in this District.

## VENUE

7. On information and belief, venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant is deemed to be a resident of this District. Alternatively, acts of infringement are occurring in this District and Defendant has a regular and established place of business in this District.

## COUNT I
### (INFRINGEMENT OF UNITED STATES PATENT NO. 9,300,723)

8. Plaintiff incorporates paragraphs 1 through 7 herein by reference.

9. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

10. Plaintiff is the owner by assignment of the '723 Patent with sole rights to enforce the '723 Patent and sue infringers.

11. A copy of the '723 Patent, titled "Enabling social interactive wireless communications," is attached hereto as Exhibit A.

12. The '723 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

13. Defendant has infringed and continues to infringe one or more claims, including at least Claim 1 of the '723 Patent by making, using, and/or selling media systems covered by one or more claims of the '723 Patent. For example, Defendant makes, uses, and/or sells the Zenreach Attract Proximity marketing system, and any similar products ("Product"). Defendant has infringed and continues to infringe the '723 Patent in violation of 35 U.S.C. § 271.

14. Regarding Claim 1, the Product is configured for customers to receive a media file (e.g. notification or offer) by a media terminal (e.g. smartphone) from a media node (e.g. WiFi server) over a communication network (e.g. WiFi network) through a communication link. Certain aspects of this element are illustrated in the screenshots below and/or those provided in connection with other allegations herein.





Source: https://zenreach.com/solutions/attract/
Source: https://zenreach.com/solutions/

15. The Product includes at least one media terminal in an accessible relation to at least one interactive computer network. For example, the Product provides for a smartphone (at least one media terminal) to detect a WiFi network when in range of signals from beacons. Certain aspects of this element are illustrated in the screenshots below and/or in those provided in connection with other allegations herein.

## How the Walk-Through Rate works

95% of Americans own a mobile device and prefer to use WiFi when it's available. A WiFi signal can be used like an offline cookie to track customer visits. When a customer returns to a store after seeing a marketing message, that visit is considered a Walk-Through.

### Directly measure in-store impact

Digital marketing may be the best way to reach new customers. But the only way to determine if it worked is to measure in-store results. Zenreach is the only solution that can tell you if a customer saw your ad before walking in, at any scale, in any location.



### Beacon Technology
Bluetooth signal installed throughout a business used to send push notifications to a device within range with a specific message.

Source: https://zenreach.com/solutions/walk-through-rate/
Source: https://zenreach.com/solutions/
Source: https://zenreach.com/glossary/

16. The Product includes a wireless range structured to permit authorized access to said at least one interactive computer network. For example, when the smartphone is in wireless range of the beacons, connection of smartphone with the cloud server is permitted through a WiFi connection (interactive computer network). Certain aspects of this element are illustrated in the screenshots below and/or those provided in connection with other allegations herein.

## How the Walk-Through Rate works

95% of Americans own a mobile device and prefer to use WiFi when it's available. A WiFi signal can be used like an offline cookie to track customer visits. When a customer returns to a store after seeing a marketing message, that visit is considered a Walk-Through.

## Beacon Technology

Bluetooth signal installed throughout a business used to send push notifications to a device within range with a specific message.

Source: https://zenreach.com/solutions/walk-through-rate/
Source: https://zenreach.com/glossary/

17. The Product includes at least one media node disposable within said wireless range, wherein said at least one media node is detectable by said at least one media terminal. For example, the media node (beacons and/or WiFi server) send out continuous signals which are detected by an app residing on the smartphone (at least one media terminal). Certain aspects of this element are illustrated in the screenshots below and/or those provided in connection with other allegations herein.

**Beacon Technology**
Bluetooth signal installed throughout a business used to send push notifications to a device within range with a specific message.

**How the Walk-Through Rate works**

95% of Americans own a mobile device and prefer to use WiFi when it's available. A WiFi signal can be used like an offline cookie to track customer visits. When a customer returns to a store after seeing a marketing message, that visit is considered a Walk-Through.



2.
Activate media to target audiences that look like your best customers across the internet.

Source: https://zenreach.com/solutions/walk-through-rate/
Source: https://zenreach.com/glossary/
Source: https://zenreach.com/solutions/attract/

18. The Product includes at least one digital media file initially disposed on at least one of said at least one media terminal or said at least one media node, said at least one media terminal being structured to detect said at least one media node disposed within said wireless range. For example, marketers can store promotional information within the server (media node) which is pushed to the media terminal (smartphone) when the app residing within the smartphone (media terminal) detects the network through the beacons. Certain aspects of this element are illustrated in the screenshots below and/or those provided in connection with other allegations herein.



19. The Product includes a communication link structured to dispose said at least one media terminal and said at least one media node in a communicative relation with one another via said at least one interactive computer network. For example, the smartphone (media terminal) detects the presence of a beacon and connects to a server (i.e. media node) through the network (interactive computer network). Certain aspects of this element are illustrated in the screenshots below and/or those provided in connection with other allegations herein.



Source: https://zenreach.com/solutions/engage/

20. The communication link is initiated by said at least one media terminal. For example, the WiFi connection (communication link) is initiated by the smartphone (media terminal) when the app detects the beacon signal. Certain aspects of this element are illustrated in the screenshots below and/or those provided in connection with other allegations herein.



Source: https://zenreach.com/solutions/engage/

21. The at least one media node and said at least one media terminal are structured to transmit said at least one digital media file therebetween via said

communication link.  For example, when the merchant terminal (media node) detects a smartphone (media terminal), the merchant can target users by transmitting ads, notifications, etc. (digital media file) to be displayed on the smartphone (media terminal). Certain aspects of this element are illustrated in the screenshots below and/or those provided in connection with other allegations herein.





Source: https://zenreach.com/solutions/engage/
Source: https://zenreach.com/solutions/attract/

22. The communication link is structured to bypass at least one media terminal security measure for a limited permissible use of the communication link by the media node to only transferring the at least one digital media file to, and displaying the at least one digital media file on, the at least one media terminal.  For example, the communication link is structured in such a way that whenever a smartphone

PLAINTIFF'S COMPLAINT AGAINST DEFENDANT ZENREACH, INC.

(media terminal) passes within the wireless range of a beacon, the beacon will trigger the notifications (digital media file) through the network to the smartphone (bypassing the security measure of media terminal i.e. notifications can be transmitted to the media terminal). Further, notifications or ads (digital file) can be displayed on screen of smartphone (media terminal). Certain aspects of this element are illustrated in the screenshots below and/or those provided in connection with other allegations herein.







Source: https://zenreach.com/solutions/engage/
Source : https://www.youtube.com/watch?v=vlpP6ClYjIw

23. Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

24. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

25. Plaintiff is in compliance with 35 U.S.C. § 287.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b) Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 9,300,723 (or, in the alternative, awarding Plaintiff running royalties from the time of

judgment going forward);

(c)     Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d)     Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e)     Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: September 21, 2020          Respectfully submitted,

*/s/ Stephen M. Lobbin*
Stephen M. Lobbin
sml@smlavvocati.com
SML AVVOCATI P.C.
888 Prospect Street, Suite 200
San Diego, California 92037
(949) 636-1391 (Phone)

***Attorney(s) for Plaintiff RFID Technology Innovations, LLC***